E-FILED
Skagit County Clerk
Skagit County, WA
11/12/2021

Nathan Jovee, Indigent Litigant Pro Se
njovee@gmail.com; 425-530-7435
N. Jovee herein.

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF SKAGIT

| | |
|---|---|
| **NATHAN JOVEE,** | Case No.: 21-2-00664-29 |
| **PLAINTIFF,** | Judge: |
| Vs. | **PLAINTIFF'S 1ST AMENDED COMPLAINT FOR DAMAGES FOR:** |
| **COUNTY OF SNOHOMISH et al,** | **1.** Declaratory and Injunctive Relief under 28 U.S. Code § 2202 and 28 U.S. Code § 1738A; Full Faith & Credit for a Child Custody Determination; Uniform Child Custody Jurisdiction & Enforcement Act for Snohomish County Superior Court Cause No. 19-2-01820-31; |
| **DEFENDANTS.** | **2.** Declaratory and Injunctive Relief under 28 U.S. Code § 2202, 42 U.S. Code § 666(f), 28 U.S. Code § 1738A and 28 U.S. Code § 1738B; Full Faith & Credit for Child Support Order; Uniform Interstate Family Support Act for Snohomish County Superior Court Cause No. 19-2-07055-31; |
| | **3.** Declaratory and Injunctive Relief under 28 U.S. Code § 2202 and 28 U.S. Code § 1738A; Full Faith & Credit for a Child Custody Determination; Uniform Child Custody Jurisdiction & Enforcement Act for Snohomish County Superior Court Cause No. 19-3-02130-31; |
| | **JURY TRIAL DEMANDED** |

## I.     PARTIES

1.1     The Plaintiff:

At all times relevant to this Complaint, Plaintiff N. Jovee was, and is currently, a resident of the COUNTY OF SNOHOMISH, located at 1015 Holly Dr. Apt. Q301, Everett, WA 98204; 425-530-7435; njovee@gmail.com.

1.2     The Defendants:

### Defendant No. 1

At all times applicable herein, the County of Snohomish was and is a public entity (COUNTY) of Washington State located at 3000 Rockefeller Ave, Everett, WA 98201, 425-388-3760.

### Defendant No. 2

At all times applicable herein, the City of Sultan was and is a public entity (CITY) of Washington State and/or COUNTY located at 319 Main St, Sultan, WA 98294, 425-793-2231.

### Defendant No. 3

At all times applicable herein, Sultan Mayor Russel Gene Wiita (WIITA) is an individual residing at 703 Alder St Sultan, WA 98294, 425-210-7157, on information and belief, in the COUNTY OF SNOHOMISH and is an officer, agent, and/or employee of CITY and/or COUNTY. Defendant WIITA is sued herein in both his individual capacity and in his official capacity as an employee of the CITY and/or COUNTY.

### Defendant No. 4

2

At all times applicable herein, the County of Snohomish Superior Court was and is a public entity (COUNTY SUPERIOR COURT) of Washington State located at 3000 Rockefeller Ave, Everett, WA 98201, 425-388-3421.

**Defendant No. 5**

At all times applicable herein, Commissioner Patricia Jean Nelson (NELSON) is an individual residing at 390 Macbrae Dr, Camano Island, WA 98282, 425-760-3294, on information and belief, in the COUNTY OF ISLAND and is an officer, agent, and employee of COUNTY SUPERIOR COURT and/or COUNTY. Defendant NELSON is sued herein in both her individual capacity and in her official capacity as an employee of the COUNTY SUPERIOR COURT and/or COUNTY.

**Defendant No. 6**

At all times applicable herein, Commissioner Tracy Graff Waggoner (WAGGONER) is an individual residing at 2717 Western Ave Apt 1102 Seattle, WA 98121, 425-672-7825, on information and belief, in the COUNTY OF KING and is an officer, agent, and employee of COUNTY SUPERIOR COURT and/or COUNTY. Defendant WAGGONER is sued herein in both her individual capacity and in her official capacity as an employee of the COUNTY SUPERIOR COURT and/or COUNTY.

**Defendant No. 7**

At all times applicable herein, Commissioner Patrick Moriarty (MORIARTY) is an individual residing at 15104 NE 202nd St Apt S Woodinville, WA 98072, 425-485-8856, on information and belief, in the COUNTY OF KING and is an officer, agent, and employee of COUNTY SUPERIOR COURT and/or COUNTY. Defendant MORIARTY is sued herein in both

his individual capacity and in his official capacity as an employee of the COUNTY SUPERIOR COURT and/or COUNTY.

**Defendant No. 8**

At all times applicable herein, Commissioner Susan Harness (HARNESS) is an individual residing at 10800 Treosti Rd Snohomish, WA 98290, 360-348-3978, on information and belief, in the COUNTY OF SNOHOMISH and is an officer, agent, and employee of COUNTY SUPERIOR COURT and/or COUNTY. Defendant HARNESS is sued herein in both her individual capacity and in her official capacity as an employee of the COUNTY SUPERIOR COURT and/or COUNTY.

**Defendant No. 9**

At all times applicable herein, Pro Tem Commissioner Geoffrey Gibbs (GIBBS) is an individual residing at 3215 Shore Ave, Everett, WA 98203, 206-715-4332, on information and belief, in the COUNTY OF SNOHOMISH and is an officer, agent, and employee of COUNTY SUPERIOR COURT and/or COUNTY and/or WSAG. Defendant GIBBS is sued herein in both his individual capacity and in his official capacity as an employee of the COUNTY SUPERIOR COURT and/or COUNTY and/or WSAG.

**Defendant No. 10**

At all times applicable herein, Pro Tem Commissioner William R. Sullivan (SULLIVAN) is an individual residing at 7321 Yew St, Everett, WA 98203, 425-239-3949, on information and belief, in the COUNTY OF SNOHOMISH and is an officer, agent, and employee of COUNTY SUPERIOR COURT and/or COUNTY and/or WSAG. Defendant SULLIVAN is sued herein in

4

both his individual capacity and in his official capacity as an employee of the COUNTY SUPERIOR COURT and/or COUNTY and/or WSAG.

**Defendant No. 11**

At all times applicable herein, the COUNTY OF SNOHOMISH EVERETT DISTRICT COURT was and is a public entity (COUNTY DISTRICT COURT) of the County of Snohomish located at 3000 Rockefeller Ave, Everett, WA 98201, 425-388-3331.

**Defendant No. 12**

At all times applicable herein, Judge Tam Bui (BUI) is an individual residing at 4810 131st St SW, Mukilteo, WA 98275, 206-226-8451, on information and belief, in the COUNTY OF SNOHOMISH and is an officer, agent, and employee of COUNTY DISTRICT COURT and/or COUNTY. Defendant BUI is sued herein in both her individual capacity and in her official capacity as an employee of the COUNTY DISTRICT COURT and/or COUNTY.

**Defendant No. 13**

At all times applicable herein, Judge George f. b. Appel (APPEL) is an individual residing at 4522 70th Ave NE, Marysville, WA 98270, 425-334-7505, on information and belief, in the COUNTY OF SNOHOMISH and is an officer, agent, and employee of COUNTY SUPERIOR COURT and/or COUNTY. Defendant APPEL is sued herein in both his individual capacity and in his official capacity as an employee of the COUNTY SUPERIOR COURT and/or COUNTY.

**Defendant No. 14**

At all times applicable herein, Judge Bruce Weiss (WEISS) is an individual residing at 6101 MANOR PL, Everett, WA 98203, 425-876-7255 on information and belief, in the COUNTY

OF SNOHOMISH and is an officer, agent, and employee of COUNTY SUPERIOR COURT and/or COUNTY. Defendant WEISS is sued herein in both his individual capacity and in his official capacity as an employee of the COUNTY SUPERIOR COURT and/or COUNTY.

**Defendant No. 15**

At all times applicable herein, attorney Hana Lee (LEE) is an individual located at 23607 Highway 99 Ste 1D, Edmonds, WA 98026, 425-778-2429, on information and belief, in the COUNTY OF SNOHOMISH and is and/or acts as an officer, agent, and employee of Z&T and/or WSAG and/or COUNTY and/or CITY. Defendant LEE is sued herein in both her individual capacity and in her official capacity as an employee of Z&T and/or WSAG and/or COUNTY and/or CITY.

**Defendant No. 16**

At all times applicable herein, attorney Carolyn Louise Miller (MILLER) is an individual located at 23607 Highway 99 Ste 1D, Edmonds, WA 98026, 425-778-2429, on information and belief, in the COUNTY OF SNOHOMISH and is and/or acts as an officer, agent, and employee of Z&T and/or WSAG and/or COUNTY and/or CITY. Defendant MILLER is sued herein in both her individual capacity and in her official capacity as an employee of Z&T and/or WSAG and/or COUNTY and/or CITY.

**Defendant No. 17**

At all times applicable herein, Zachor & Thomas, Inc., PS (Z&T) is a private corporation acting on behalf of public entity CITY and/or COUNTY and/or WSAG; located at 23607 Highway 99 Ste 1D, Edmonds, WA 98026, 425-778-2429, on information and belief, in the COUNTY OF SNOHOMISH and is and/or acts as an officer, agent, and/or employee of COUNTY and/or CITY

6

and/or WSAG. Defendant Z&T is sued herein both in their private capacity and in their official capacity as an officer, agent, and/or employee of COUNTY and/or CITY and/or WSAG.

**Defendant No. 18**

At all times applicable herein, attorney Joel P. Nichols (NICHOLS) is an individual residing at 2118 5th Ave W Seattle, WA 98119, 425-743-7244, on information and belief, in the COUNTY OF KING and is and/or acts as an officer, agent, and/or employee on behalf of DMLF and/or COUNTY and/or WSAG. Defendant NICHOLS is sued herein in both his individual capacity and in his official capacity acting on behalf of DMLF and/or COUNTY and/or WSAG.

**Defendant No. 19**

At all times applicable herein, attorney Patrick Gerard Songy (SONGY) is an individual residing at 924 217th St SW Bothell, WA 98021, 813-810-1851, on information and belief, in the COUNTY OF SNOHOMISH and is and/or acts as an officer, agent, and/or employee on behalf of DMLF and/or COUNTY and/or WSAG. Defendant SONGY is sued herein in both his individual capacity and in his official capacity acting on behalf of DMLF and/or COUNTY and/or WSAG.

**Defendant No. 20**

At all times applicable herein, Deno Millikan Law Firm, PLLC (DMLF) is a private corporation acting on behalf of public entity COUNTY and/or WSAG; located at 3411 Colby Ave, Everett, WA 98201, 425-259-2222, on information and belief, in the COUNTY OF SNOHOMISH and is and/or acts as an officer, agent, and/or employee acting on behalf of public entity COUNTY and/or WSAG. Defendant DMLF is sued herein both in their private capacity and in their official capacity as an officer, agent, and/or employee acting on behalf of public entity COUNTY and/or WSAG.

**Defendant No. 21**

At all times applicable herein, attorney Sanda Caryn Meeker (MEEKER) is an individual residing at 6815 157th Pl SW Edmonds, WA 98026, 509-308-7683, on information and belief, in the COUNTY OF SNOHOMISH and is and/or acts as an officer, agent, and employee of the WSAG and/or COUNTY and/or DSHS. Defendant MEEKER is sued herein in both her individual capacity and in her official capacity as an employee of the WSAG and/or COUNTY and/or DSHS.

**Defendant No. 22**

At all times applicable herein, attorney Michael Scott Majors (MAJORS) is an individual located at 1110 Wetmore Ave Everett, WA 98201, 425-343-9288, on information and belief, in the COUNTY OF SNOHOMISH and is and/or acts as an officer, agent, and employee of WSAG. Defendant MAJORS is sued herein in both his individual capacity and in his official capacity as an employee of the WSAG.

**Defendant No. 23**

At all times applicable herein, attorney Christopher Shawn Shaha (SHAHA) is an individual residing at 8830 1st Ave NE Seattle, WA 98115, 405-205-6969, on information and belief, in the COUNTY OF KING and is and/or acts as an officer, agent, and/or employee of DSHS and/or WSAG. Defendant SHAHA is sued herein both in his individual capacity and in his official capacity as an officer, agent, and/or employee of DSHS and/or WSAG.

**Defendant No. 24**

At all times applicable herein, Administrative Law Judge Heather Lynn DeBlieck (DEBLIECK) is an individual residing at 4148 N Brookie Dr Post Falls, ID 83854, 208-320-1804,

on information and belief, in the COUNTY OF KOOTENAI and is and/or acts as an officer, agent, and/or employee of OAH and/or DSHS and/or WSAG. Defendant DEBLIECK is sued herein in both her individual capacity and in her official capacity as an employee of OAH and/or DSHS and/or WSAG.

### Defendant No. 25

At all times applicable herein, Judge Anita Louise Farris (FARRIS) is an individual residing at 13423 46th Pl W Mukilteo, WA 98275, 425-258-6846 on information and belief, in the COUNTY OF SNOHOMISH and is an officer, agent, and employee of COUNTY SUPERIOR COURT and/or COUNTY. Defendant FARRIS is sued herein in both her individual capacity and in her official capacity as an employee of the COUNTY SUPERIOR COURT and/or COUNTY.

### Defendant No. 26

At all times applicable herein, the Washington State Office of Administrative Hearings (OAH) was and is a public entity located at 16201 E. Indiana Ave. Suite 5600, Spokane Valley, WA 99216, 800-366-0955.

### Defendant No. 27

At all times applicable herein, the Washington State Department of Social and Health Services (DSHS) was and is a public entity located at 1608 W Boone Ave Spokane, WA 99201, 509-363-4906.

### Defendant No. 28

At all times applicable herein, Washington State Attorney General Robert (Bob/Dick) Watson Ferguson (WSAG) is a Public Official and individual residing at 8255 2nd Ave NE Apt D

Seattle, WA 98115, 206-300-2146, on information and belief, in the COUNTY OF KING and is and/or acts as an officer, agent, and employee of the State of Washington. Defendant WSAG is sued herein in both his individual capacity and in his official capacity as WSAG.

**Defendant No. 29**

At all times applicable herein, administrative worker Nancy Ann Norris (NORRIS) is an individual residing at 3507 Norton Ave Everett, WA 98201, 425-232-1805 on information and belief, in the COUNTY OF SNOHOMISH and is an officer, agent, and employee of COUNTY and/or COUNTY SUPERIOR COURT. Defendant NORRIS is sued herein in both her individual capacity and in her official capacity as an employee of COUNTY and/or COUNTY SUPERIOR COURT.

**Defendant No. 30**

At all times applicable herein, administrative worker Christine Diane Liebsack (LIEBSACK) is an individual residing at 12719 NE 135th St Kirkland, WA 98034, 206-708-1471 on information and belief, in the COUNTY OF KING and is an officer, agent, and employee of COUNTY and/or COUNTY SUPERIOR COURT. Defendant LIEBSACK is sued herein in both her individual capacity and in her official capacity as an employee of COUNTY and/or COUNTY SUPERIOR COURT.

**Defendant No. 31**

At all times applicable herein, COUNTY contracted Guardian Ad Litem (GAL) Doctor Meera Shin (SHIN) is an individual residing at 2321 173rd Ave NE Redmond, WA 98052, 908-463-8769 on information and belief, in the COUNTY OF KING and is and/or was an officer,

agent, and/or employee of COUNTY. Defendant SHIN is sued herein in both her individual capacity and in her official capacity as a contractor and/or employee of COUNTY.

### Defendant No. 32

At all times applicable herein, administrative worker Andrew Glendon Somers (SOMERS) is an individual residing at 4217 Mitchell Dr Anacortes, WA 98221, 509-876-1212 on information and belief, in the COUNTY OF SKAGIT and is an officer, agent, and employee of COUNTY and/or COUNTY SUPERIOR COURT. Defendant SOMERS is sued herein in both his individual capacity and in his official capacity as an employee of COUNTY and/or COUNTY SUPERIOR COURT.

### Defendant No. 33

At all times applicable herein, Commissioner Lisa Marie Micheli (MICHELI) is an individual residing at 1301 56th St SW Everett, WA 98203, 425-387-8345, on information and belief, in the COUNTY OF SNOHOMISH and is and/or was an officer, agent, and employee of COUNTY SUPERIOR COURT and COUNTY. Defendant MICHELI is sued herein in both her individual capacity and in her official capacity as an employee of the COUNTY SUPERIOR COURT and COUNTY.

### Defendant No. 34

At all times applicable herein, Judge Jennifer Ruth Langbehn (LANGBEHN) is an individual residing at 5311 114th St SE Everett, WA 98208, 206-818-7024 on information and belief, in the COUNTY OF SNOHOMISH and is an officer, agent, and employee of COUNTY SUPERIOR COURT and/or COUNTY. Defendant LANGBEHN is sued herein in both her

individual capacity and in her official capacity as an employee of the COUNTY SUPERIOR COURT and/or COUNTY.

**Defendant No. 35**

At all times applicable herein, the COUNTY OF KING was and is a public entity (COUNTY OF KING) of Washington State located at 516 3rd Ave, Seattle, WA 98104, 206-296-9300.

**Defendant No. 36**

N. Jovee is ignorant of the true names and capacities of those Defendants sued herein as DOES 1 through 100, and for that reason has sued such Defendants under such fictitious names. N. Jovee reserves his Rights, and will seek leave of Court to Amend this Complaint to identify said Defendants when their identities have been ascertained. N. Jovee is informed each of the factitiously named Defendants was in some manner liable and legally responsible, in that their conduct caused damages and injuries set forth herein.

## II.     BASIS FOR JURISDICTION

2.1     N. Jovee brings forth this request for relief under 28 U.S.C. § 1331, as this is a case involving a Federal Question of Law and the United States Constitution; pursuant to Federal Rules of Civil Procedure (FRCP) 65 to address the Deprivation of N. Jovee's Rights by Defendants.

2.2     At all times herein acting under color of state law, of rights secured to N. Jovee under 28 U.S. Code § 1738A, 28 U.S. Code § 1738B, 42 U.S. Code § 666(f) and the Oklahoma State Custody Determination and "Home State" claim, the United States Constitution to include the

First, Fourth, and Fourteenth Amendments and any other Federal statute where applicable that have been impeded upon by the Defendants. Because the acts and omissions complained of herein occurred in the County of Snohomish, venue is properly reposed in the Western District of Washington, Seattle Division.

### III.    STATEMENT OF CLAIM

3.1    N. Jovee married Jolene Marie Matkins on November 27th, 2006 in Everett, Washington while he was serving on Active Duty in the United States Armed Forces. The marriage produced three sons, LJ (10/5/08), SJ (10/11/11), and BJ (12/22/14). All three children had a close relationship with each other and had an equally as strong bond with their father, N. Jovee, and Mother Jolene.

3.2    The Marriage ended when Jolene Jovee filed a Petition for Dissolution of Marriage on May 23rd, 2016. An Automatic Temporary Injunction was entered upon the Parties by the Bryan County District Court of Oklahoma preventing the parties from removing the minor children from the State of Oklahoma. During the pendency of the Jovee's Dissolution of Marriage proceedings in the State of Oklahoma, Jolene Jovee produced a fourth (4) child in June of 2018; before the Jovee's were Divorced. A Judgment of Dissolution was entered in September of 2018 (Reversed in part). Jolene was found Guilty of Contempt of Court by the Bryan County District Court for the State of Oklahoma in September of 2018 for removing the three (3) minor children from the State of Oklahoma twelve (12) days after Petitioning the Bryan County District Court for the State of Oklahoma for a Dissolution of Marriage. This violated the Oklahoma Automatic injunction entered by the Court after Petitioning for Divorce. Jolene received primary custody.

3.3     On December 14th, 2016 Jolene Jovee began "forum shopping" in Washington State District Court, Evergreen Division in Monroe, WA, County of Snohomish by initiating Court proceedings without exercising "Emergency Jurisdiction" as prescribed in the Uniform Child Custody Enforcement and Jurisdiction Act (UCCJEA); RCW 26.27 (UCCJEA); Title 43 O.S. Section 551-101 et seq. (UCCJEA) and Title 10 of the Oklahoma Statutes, 7700-101, et seq "Uniform Parentage Act". The actions of Defendant's NICHOLS, SONGY and DMLF of not invoking and/or disclosing to the Court they must establish "Emergency Jurisdiction" over the minor children and parents to "Modify" the Oklahoma Custody Determination; was in direct violation of 28 U.S. Code § 1738A.

3.4     On December 14th, 2016 the Bryan County District Court of Oklahoma entered an Order for Child Support upon N. Jovee in accordance with the UIFSA and in accordance with Title 43 O.S. § 115 and Title 12 O.S. § 1171.3(J)(2).

3.5     On December 27th, 2016 the Washington State District Court, Evergreen Division in Monroe, WA, County of Snohomish was made aware proceedings involving the three (3) said Minor Children involved in this case and both parents were currently under the Jurisdiction of the State of Oklahoma in accordance with the UCCJEA; RCW 26.27 (UCCJEA); Title 43 O.S. Section 551-101 et seq. (UCCJEA) and Title 10 of the Oklahoma Statutes, 7700-101, et seq "Uniform Parentage Act". The actions of Defendant's NICHOLS, SONGY and DMLF of not invoking and/or disclosing to the Court they must establish "Emergency Jurisdiction" over the minor children and parents to "Modify" the Oklahoma Custody Determination; and was in direct violation of 28 U.S. Code § 1738A.

3.6     On or about December of 2017 N. Jovee moved from the state of Oklahoma to Washington State. The Bryan County District Court of Oklahoma maintained Jurisdiction over all parties under the UCCJEA and/or the UIFSA.

3.7     On September 27th, 2018 the Bryan County District Court of Oklahoma entered a Custody Determination in accordance with 28 U.S. Code § 1738A(b)(3) and declaring "Home State" over N. Jovee, Jolene Jovee, and their three (3) said minor children in accordance with 28 U.S. Code § 1738A(b)(4). Oklahoma maintained Jurisdiction for purposes of "appeal" and in accordance with the UCCJEA; confirmed by the Oklahoma State Supreme Court Mandate. N. Jovee hired Counsel, Ms. Julie Fulton located in Oklahoma City, to file an Appeal on behalf of N. Jovee. This Order was eventually Reversed in-Part and Remanded with Instruction; June 8th, 2021.

3.8     On October 26th, 2018 N. Jovee filed an appeal through Counsel Ms. Julie Fulton, located in Oklahoma City, with the Oklahoma Court of Appeals.

3.9     On August 21st, 2018 the minor children's Father N. Jovee made a suspected child abuse report to the COUNTY Department of Children, Youth, and Family Services upon LJ reporting abuse. A Social Worker did not investigate the allegations due to this report being "screened out".

3.10    On October 30th, 2018 an "anonymous" reporter from the Sultan Public Elementary School made a suspected child abuse report to the COUNTY Department of Children, Youth, and Family Services on Jolene for "physical abuse" upon the oldest minor child, striking and leaving a "red mark" across the child's face.

3.11    On January 10th, 2019 a GAL Complaint was submitted to the King County Superior Court GAL Committee against Defendant SHIN; claiming misconduct and FRAUD.   Defendant

15

COUNTY OF KING's "failure to act" and "failure to disclose" this information to other jurisdictions led to irreputable harm to N. Jovee and his minor children; possibly other Family's.

3.12    On February 16th, 2019 an incident occurred where Jolene Jovee, the mother of the three (3) said Minor Children in this case, attempted to "remove" the three (3) said Minor Children from the care and custody of the Father, on the Father's visitation time.  The said Minor Children were returned to the safety of the Father by the Washington State City of Fife Police Department to finish said visitation time with Father as allotted under the Oklahoma Custody Determination from.

3.13    On March 1st and May 3rd, 2019 Defendant's NICHOLS, SONGY, DMLF COUNTY, COUNTY SUPERIOR COURT and MORIARTY entered Orders "enforcing" Jurisdiction, without the Court having Subject Matter Jurisdiction, over the three (3) said Minor Children in this case at the same time as Oklahoma; without registering Oklahoma's Custody Determination. The Defendant's action, again, of not invoking "Emergency Jurisdiction" over the minor children and parents and/or "Modifying" the Oklahoma Custody Determination was in direct violation of 28 U.S. Code § 1738A. The actions of Defendant's of not invoking and/or disclosing to the Court they must establish "Emergency Jurisdiction" over the minor children and parents to "Modify" the Oklahoma Custody Determination; is in direct violation of 28 U.S. Code § 1738A.

3.14    On April 26th, 2019 N. Jovee made Defendant's DMLF, NICHOLS, SONGY, COUNTY, COUNTY SUPERIOR COURT, WAGGONER, NELSON, MORIARTY, HARNESS, GIBBS, SULLIVAN, APPEL, and WEISS aware by filing a Declaration, that a Custody Determination was already in place by the Bryan County District Court of the State of Oklahoma; and in accordance with the UCCJEA.

3.15    On May 14th, 2019 Defendant's SHAHA and DSHS showed bias; and colluded for an improper purpose; became a witness while policy in this position is to be "neutral"; without just cause in N. Jovee's Child Support proceedings.

3.16    On June 18th, 2019 Defendant's DMLF, NICHOLS, SONGY, COUNTY, COUNTY SUPERIOR COURT and WAGGONER violated N. Jovee's Custody Determination from Oklahoma, the UCCJEA and 28 U.S. Code § 1738A; the Full Faith and Credit Clause by "enforcing" Jurisdiction over three (3) said Minor Children and one adult party (Jolene Jovee), all while those said parties were under the Jurisdiction of Oklahoma. This was done by listing the three (3) said Minor Children and Jolene Jovee on a Washington State Protection Order which in no way shape or form exercised "Emergency Jurisdiction" over any of the parties in accordance with 28 U.S. Code § 1738A. This also directly violated the Oklahoma Custody Determination which allowed for "family" to attend custody exchanges if I needed help under the Oklahoma Custody Determination "Exhibit B". The Defendant's action, again, of not invoking "Emergency Jurisdiction" over the minor children and parents and/or "Modifying" the Oklahoma Custody Determination was in direct violation of 28 U.S. Code § 1738A.

3.17    On June 20th, 2019 Defendant's OAH, SHAHA, DEBLIECK, DSHS and WSAG enforced jurisdiction over all parties still under the jurisdiction of Oklahoma through an "administrative child support" hearing conducted before an "administrative law judge", and without registering the Oklahoma Custody Determination in a Washington state Superior Court and in violation of the UCCJEA and/or UIFSA; 28 U.S. Code § 1738A and/or 28 U.S. Code § 1738B and/or 42 U.S. Code § 666(f).

3.18    On July 31st, 2019 and June 2nd, 2020 Defendant's DMLF, NICHOLS, SONGY COUNTY, COUNTY SUPERIOR COURT and WAGGONER again entered Orders "enforcing"

Jurisdiction, without the Court having Subject Matter Jurisdiction, over the three (3) said Minor Children in this case at the same time as Oklahoma. The Defendant's action, again, of not invoking "Emergency Jurisdiction" over the minor children and parents and/or "Modifying" the Oklahoma Custody Determination was in direct violation of 28 U.S. Code § 1738A.

3.19    On September 11th, 2019 N. Jovee was told by the Snohomish County Clerk's Office employee Gena Sanchez-Peña, his only option to seek relief in an "Emergency Jurisdiction" capacity was to "register" his "Foreign Judgment" Parenting Plan in the COUNTY SUPERIOR COURT. N. Jovee "registered" his out of State Parenting Plan on this same day for emergency relief due to Mother of said minor children attempting to "remove" minor children from the care and custody of N. Jovee.

3.20    On October 18th, 2019 Defendant MEEKER, a Snohomish County Prosecutors Office – Family Division Special Assistant Attorney Prosecutor/General (SAAP/SAAG) filed a Notice of Appearance into COUNTY SUPERIOR COURT Cause No. 19-3-02130-31. No SAAG/SAAP disclosures were made, nor any other disclosures made to the parties.

3.21    On November 14th, 2019 Defendant's MORIARTY and COUNTY SUPERIOR COURT violated N. Jovee's Constitutional Rights to a Public Hearing in Cause No. 19-3-02130-31 by removing Lori Shavlik, his mother, from the Courtroom Sua Sponte, without valid authority to do so. This cleared the Courtroom and left no witnesses or support for N. Jovee. This same day COUNTY SUPERIOR COURT violated State and Federal Law by "assigning" a GAL without allowing the parties to choose from three (3) GALs as RCW 26.12.177 allows. Said Court allows other people in the same situation to pick from three (3) GAL's, but refuses to allow N. Jovee to pick from three (3) GAL's. Further, the UCCJEA prevents said Court from "overriding" the State of Oklahoma's Jurisdiction, as Oklahoma has not failed to "enforce" its Jurisdiction.

3.22    On June 15th, July 8th, and July 29th, 2020 Defendant's COUNTY, COUNTY SUPERIOR COURT and HARNESS again entered Orders "enforcing" Jurisdiction, without the Court having Subject Matter Jurisdiction, over the three (3) said Minor Children in this case at the same time as Oklahoma. The Defendant's action, again, of not invoking "Emergency Jurisdiction" over the minor children and parents and/or "Modifying" the Oklahoma Custody Determination was in direct violation of 28 U.S. Code § 1738A.

3.23    On April 19th, 2020 Defendant SOMERS assigned Defendant SHIN to COUNTY SUPERIOR COURT Cause No. 19-3-02130-31 in violation of 28 U.S. Code § 1738A; the UCCJEA and/or RCW 26.12.177.

3.24    On June 29th, 2020 Defendant's COUNTY, COUNTY SUPERIOR COURT and NELSON again entered Orders "enforcing" Jurisdiction, without the Court having Subject Matter Jurisdiction, over the three (3) said Minor Children in this case at the same time as Oklahoma. The Defendant's action, again, of not invoking "Emergency Jurisdiction" over the minor children and parents and/or "Modifying" the Oklahoma Custody Determination was in direct violation of 28 U.S. Code § 1738A.

3.25    On July 27th, 2020 the Oklahoma Appellate Court "Affirmed in Part, Reversed in Part, and Remanded with Further Instruction" the Original Oklahoma Custody Determination. Oklahoma Courts retained "home state" Jurisdiction in accordance with the UCCJEA; 28 U.S. Code § 1738A.

3.26    On August 17th, 2020 Counsel for N. Jovee Ms. Julie Fulton, located in Oklahoma City, filed a Petition for Certiorari Review with the Oklahoma Supreme Court. This was eventually Denied.

3.27    On August 19th, 2020, Defendant's COUNTY, COUNTY SUPERIOR COURT and GIBBS again entered Orders "enforcing" Jurisdiction, without the Court having Subject Matter Jurisdiction, over the three (3) said Minor Children in this case at the same time as Oklahoma. The Defendant's action, again, of not invoking "Emergency Jurisdiction" over the minor children and parents and/or "Modifying" the Oklahoma Custody Determination was in direct violation of 28 U.S. Code § 1738A.

3.28    On August 21st, 2020 N. Jovee filed a GAL Complaint with the COUNTY SUPERIOR COURT GAL Committee/Sub-Committee on GAL SHIN for threatening to "retaliate" against N. Jovee for "refusing" a "home visit" during COVID-19, as well as, discovering a treasure trove of "ex-parte" emails between GAL SHIN and the COUNTY SUPERIOR COURT.

3.29    On August 26th, 2020 Defendant's COUNTY, COUNTY SUPERIOR COURT and HARNESS violated N. Jovee's Custody Determination from Oklahoma, the UCCJEA and 28 U.S. Code § 1738A; the Full Faith and Credit Clause by "enforcing" Jurisdiction over three (3) said Minor Children and one adult party (Jolene Jovee), all while those said parties were under the Jurisdiction of Oklahoma. This was done by listing the three (3) said Minor Children and Jolene Jovee on a Washington State Protection Order which in no way shape or form exercised "Emergency Jurisdiction" over any of the parties in accordance with 28 U.S. Code § 1738A. This also directly violated the Oklahoma Custody Determination which allowed for "family" to attend custody exchanges if I needed help under the Oklahoma Custody Determination "Exhibit B". The Defendant's action, again, of not invoking "Emergency Jurisdiction" over the minor children and parents and/or "Modifying" the Oklahoma Custody Determination was in direct violation of 28 U.S. Code § 1738A.

3.30    On September 25th, 2020 Defendant's COUNTY SUPERIOR COURT, LANGBEHN and COUNTY SUPERIOR COURT GAL Committee (made up of COUNTY Judges and Commissioners) dismissed N. Jovee's said GAL Complaint.    Defendant LANGBEHN, specifically, dismissed this GAL Complaint without disclosing she was previously employed by Defendant MORIARTY who started the said violations against N. Jovee by assigning GAL's to COUNTY SUPERIOR COURT Cause No. 19-3-02130-31, violating the UCCJEA; 28 U.S. Code § 1738A.

3.31    On October 7th, 2020 N. Jovee filed with the COUNTY SUPERIOR COURT a Motion to Dismiss GAL SHIN, Motion to Disqualify all Snohomish County Superior Court Judges and Commissioners, and Change Venue to Skagit County Superior Court and Noted it for October 21st, 2020.

3.32    On October 29th, 2020 Defendant's SHIN, filed into the COUNTY SUPERIOR COURT an Official GAL Report; Cause No. 19-3-02130-31. Defendant SHIN included factual lies in her GAL Report. This was done with collusion between Defendant's COUNTY SUPERIOR COURT, NORRIS, LIEBSACK and SHIN.

3.33    On November 6th, 2020 N. Jovee filed an Amended Motion to Dismiss GAL SHIN, Motion to Disqualify all COUNTY SUPERIOR COURT Judges and Commissioners, and Change Venue to Skagit County Superior Court due to more violations of the law, GAL rules and GAL SHIN including factual lies in her GAL Report.

3.34    On November 18th, 2020 Defendant SHIN filed a "Motion for Judgment and Order re GAL Fees".

3.35    On November 20th, 2020 N. Jovee filed a second GAL Complaint alleging violations of GAL Rules and Defendant SHIN including factual lies in her GAL Report in Cause No. 19-302130-31; in violation of 28 U.S. Code § 1738A.

3.36    On November 30th, 2020 Defendant COUNTY SUPERIOR COURT assigned Defendant GIBBS to Cause No. 19-3-02130-31; and already had significant conflicts of interest involving N. Jovee.  Defendant GIBBS made no disclosures to the parties; and made Orders in violation of 28 U.S. Code § 1738A.  N. Jovee had an active lawsuit, Cause No. 18-2-01818-31, involving Defendant GIBBS before he heard any Motions on this case.

3.37    On December 4th, 2020 Defendant GIBBS and COUNTY SUPERIOR COURT "Amended" their "Order Denying" N. Jovee's Motions in Cause No. 19-3-02130-31; in violation of 28 U.S. Code § 1738A.

3.38    On December 11th, 2020 N. Jovee received an email from Defendant LANGBEHN's Law Clerk making a finding of one (1) violation of the GAL Rules, and asked N. Jovee to "Supplement" his GAL Complaint to include further evidence for clarity and to address the other issues in the complaint.

3.39    On December 12th, 2020 N. Jovee sent a "Supplemental" GAL Complaint to include further evidence for "clarity" showing factual lies GAL SHIN included into her Official GAL Report to the Court.

3.40    On December 14th, 2020 N. Jovee filed a Motion to Reconsider Defendant GIBBS Order Denying N. Jovee's Motion to Dismiss GAL SHIN, Motion to Disqualify all Snohomish County Superior Court Judges and Commissioners, and Change Venue to Skagit County Superior Court;

into Cause No. 19-3-02130-31.  Defendant GIBBS did not Respond in any way to N. Jovee's Motion to Reconsider.

3.41    On January 11th, 2021 N. Jovee received a response to his GAL Complaint from Defendant LANGBEHN's Law Clerk; making a finding of ZERO (0) violations of the GAL Rules; even after previously stating one (1) finding of a violation of the GAL Rules.

3.42    On March 18th, April 20th, June 14th, June 30th, and October 26th, 2021 Defendant's WIITA, CITY, LEE, SHERIFF, MILLER, Z&T, COUNTY DISTRICT COURT and BUI took part in and/or entered an Order enforcing Jurisdiction, without the Court having Subject Matter Jurisdiction, over the three (3) said Minor Children in this case and Jolene Jovee; at the same time as Oklahoma.  The Defendant's action, again, of not invoking "Emergency Jurisdiction" over the minor children and parents and/or "Modifying" the Oklahoma Custody Determination was in direct violation of 28 U.S. Code § 1738A.

3.43    On March 18th, 2021 N. Jovee filed his "Amended Appellate Brief" into COUNTY SUPERIOR COURT Cause No. 19-2-07055-31; appealing the Order from Defendant's OAH, DSHS, SHAHA, DEBLIECK, and WSAG; citing 28 U.S. Code § 1738B and 42 U.S. Code § 666(f).

3.44    On March 19th, 2021 a hearing was held in front of Defendant MICHELI; COUNTY SUPERIOR COURT Cause No. 19-3-02130-31.  Before this Motion was brought forth, N. Jovee confronted Defendant MICHELI about her relation to Defendant SHIN.  Defendant MICHELI denied a conflict-of-interest and proceeded to hear Motions brought by all parties.  The Defendant's action, again, of failing to disclose "conflicts-of-interest", not invoking "Emergency

23

Jurisdiction" over the minor children and parents and/or "Modifying" the Oklahoma Custody Determination was in direct violation of 28 U.S. Code § 1738A.

3.45     On May 5th, 2021 Defendant's CITY, WIITA, LEE, MILLER, Z&T, COUNTY SUPERIOR COURT, COUNTY DISTRICT COURT, BUI, and WEISS took part in and/or entered an Order in COUNTY SUPERIOR COURT Cause No. 21-1-000483-31; Defendant WEISS, specifically, sending the Appeal of the criminal proceeding being held in front of Judge BUI to "Whatcom/Island County" Superior Court. The Defendant's action, again, of not invoking "Emergency Jurisdiction" over the minor children and parents and/or "Modifying" the Oklahoma Custody Determination was in direct violation of 28 U.S. Code § 1738A.

3.46     On June 1st, 2021 Defendant's MAJORS, OAH, DHSH and WSAG filed their "Response Brief" into COUNTY SUPERIOR COURT Cause No. 19-2-07055-31; appealing the Order from Defendant's OAH, DSHS, SHAHA, DEBLIECK, and WSAG; citing 28 U.S. Code § 1738B and 42 U.S. Code § 666(f).

3.47     On June 8th, 2021 the Bryan County District Court of Oklahoma re-entered the Remanded Custody Determination in accordance with 28 U.S. Code § 1738A(b)(3) and declaring "Home State" over N. Jovee, Jolene Jovee, and their three (3) said minor children in accordance with 28 U.S. Code § 1738A(b)(4). Oklahoma maintained Jurisdiction for all purposes and in accordance with the UCCJEA.

3.48     On June 15th, 2021 N. Jovee filed his "Reply Brief" into COUNTY SUPERIOR COURT Cause No. 19-2-07055-31; appealing the Order from Defendant's OAH, DSHS, SHAHA, DEBLIECK, and WSAG; citing 28 U.S. Code § 1738B and 42 U.S. Code § 666(f).

24

3.49    On July 28th, 2021 Defendant's FARRIS and COUNTY SUPERIOR COURT took part in and/or entered an Order finding "Washington State" HAD jurisdiction on June 20th, 2019 to "modify" N. Jovee Child Support Obligation from Oklahoma.  The Defendant's action, again, of not finding "Oklahoma maintained Jurisdiction" and "home state claim" over the minor children and parents and the "Oklahoma Supreme Court Mandate" on N. Jovee's Custody Determination was still actively being enforced; is in direct violation of 28 U.S. Code § 1738B and/or 42 U.S. Code § 666(f).

3.50    On August 9th, 2021 Defendant's CITY, LEE, MILLER, Z&T, COUNTY SUPERIOR COURT, COUNTY DISTRICT COURT, BUI, and APPEL took part in and/or entered an Order in COUNTY SUPERIOR COURT Cause No. 21-1-000483-31; Defendant APPEL, specifically, sending the Appeal of the criminal proceeding being held in front of Judge BUI to "Skagit County" Superior Court.  Judge APPEL is married to Hoa Bui; Judge BUI is Hoa Bui's sister.  This is conflict of interest of the most prejudicial variety and may force us to look towards the Washington State Cannon Rules.  The Defendant's action, again, of not invoking "Emergency Jurisdiction" over the minor children and parents and/or "Modifying" the Oklahoma Custody Determination was in direct violation of 28 U.S. Code § 1738A.

3.51    On September 9th, September 23rd, and October 6th, 2021 Defendant's COUNTY, COUNTY SUPERIOR COURT and NELSON again entered Orders "enforcing" Jurisdiction, without the Court having Subject Matter Jurisdiction, over the three (3) said Minor Children in this case at the same time as Oklahoma.  The Defendant's action, again, of not invoking "Emergency Jurisdiction" over the minor children and parents and/or "Modifying" the Oklahoma Custody Determination was in direct violation of 28 U.S. Code § 1738A.

3.52     On October 8th, 2021 N. Jovee's Custody Determination from the State of Oklahoma was entered into the COUNTY SUPERIOR COURT and "confirmed" in accordance with the UCCJEA and 28 U.S. Code § 1738A.

3.53     On October 22nd, 2021 Defendant's COUNTY, COUNTY SUPERIOR COURT and SULLIVAN again entered Orders "enforcing" Jurisdiction, without the Court having Subject Matter Jurisdiction, over the three (3) said Minor Children in this case at the same time as Oklahoma. The Defendant's action, again, of not invoking "Emergency Jurisdiction" over the minor children and parents and/or "Modifying" the Oklahoma Custody Determination was in direct violation of 28 U.S. Code § 1738A.

**First Cause of Action for Declaratory and Injunctive Relief**
**Snohomish County Superior Court Cause No. 19-2-01820-31**
Defendants Waggoner, Moriarty, Harness, Nelson, Sullivan, Gibbs,
County Superior Court, Songy, Nichols, DMLF, City, Wiita,
Lee, Miller, Bui, Appel, Weiss, County District Court,
County, Z&T, and Does 1 through 50, Inclusive

3.54     N. Jovee realleges, and incorporates herein as if set forth in full, paragraph 1.1 through 3.53 above.

3.55     As stated herein, N. Jovee, as a citizen and individual, is protected by the laws of the State of Washington, as well as those of the United States Constitution, including the Fourth and Fourteenth Amendments thereto.

3.56     As stated herein, Defendants, and each of them, have wrongfully, unlawfully, and with deliberate indifference to the rights of N. Jovee, and with utter disregard of Defendants' duties and

obligations to N. Jovee, acted, practiced and adopted policies, practices, procedures, and customs which are in violation of the rights of N. Jovee, including those to be free from governmental interference as to his privacy and familial associations and related actions and proceedings due to no fault of N. Jovee.  N. Jovee alleges Defendants have violated 28 U.S. Code § 1738A by not obtaining subject matter jurisdiction and entering Court Orders in contrary to N. Jovee's Oklahoma Custody Determination and/or entering Orders in Direct violation of the Bryan County District Court of Oklahoma's Custody Determination; on the dates identified above.

3.57    Defendants have failed to acknowledge their improper, unlawful and unconstitutional actions, conduct and policies at the time of the incidents at issue in the present action, and N. Jovee is informed that presently, Defendants have not changed or modified such actions, conduct and policies to conform to law under 28 U.S. Code § 1738A.

3.58    Defendants' wrongful and unlawful conduct, actions and policies, unless and until forced to promulgate policies, by order of the Court, will cause, and continue to cause, great and irreputable injury to N. Jovee, and other individuals and citizens, in that Defendants will continue to act in accordance with said unlawful policies, and with deliberate indifference to their duties, and obligations under State and Federal law; 28 U.S. Code § 1738A, including those under the Fourth and Fourteenth Amendments as alleged hereinabove.

3.59    Based on information, N. Jovee asserts, as presently applied by the COUNTY and/or COUNTY SUPERIOR COURT and/or CITY, those portions of policy and procedure authorizing this misconduct set forth above is Un-Constitutional in the way they are applied pursuant to the regularly established customs, policies, and practices of the COUNTY/CITY and/or COUNTY SUPERIOR COURT/ COUNTY DISTRICT COURT under 28 U.S. Code § 1738A.

3.60   N. Jovee has no adequate remedy at law to prevent or prohibit Defendants from continuing, and/or repeating, their unlawful and unconstitutional conduct and policies other than through injunctive relief, and therefore seek an order directing the COUNTY and/or COUNTY SUPERIOR COURT and/or CITY to promulgate policies and implement training to prohibit its COUNTY/CITY and/or COUNTY SUPERIOR COURT/COUNTY DISTRICT COURT employees, from, but not limited to, the following:

a.      Using trickery, duress, fabrications and/or false testimony or evidence, and in failing to disclose exculpatory evidence, in preparing and presenting reports and Court documents to the Court; and

b.      Acting with deliberate indifference to the Constitutional protections guaranteed to individuals, including those under the Fourth and Fourteenth Amendments, when performing actions related to child abuse and dependency type proceedings.

c.      Aiding and abetting in the violation of Civil Rights guaranteed to individuals, including those under the Fourth and Fourteenth Amendments, by engaging in the aforementioned conduct;

d.      Conspiring to violate Civil Rights guaranteed to individuals, including those under the Fourth and Fourteenth Amendments, by engaging in the aforementioned conduct;

e.      Violating 28 U.S. Code § 1738A; the UCCJEA; failing to obtain subject matter jurisdiction.

**Second Cause of Action for Declaratory and Injunctive Relief**

**Snohomish County Superior Court Cause No. 19-2-07055-31**

Defendants County Superior Court, Farris, Majors, Shaha, WSAG,

DHSH, DeBlieck, OAH, and Does 1 through 50, Inclusive

3.61    N. Jovee realleges, and incorporates herein as if set forth in full, paragraph 1.1 through 3.60 above.

3.62    As stated herein, N. Jovee, as a citizen and individual, is protected by the laws of the State of Washington, as well as those of the United States Constitution, including the Fourth and Fourteenth Amendments thereto.

3.63    As stated herein, Defendants, and each of them, have wrongfully, unlawfully, and with deliberate indifference to the rights of N. Jovee, and with utter disregard of Defendants' duties and obligations to N. Jovee, acted, practiced and adopted policies, practices, procedures, and customs which are in violation of the rights of N. Jovee, due to no fault of N. Jovee.  N. Jovee alleges the above-named Defendants have violated 28 U.S. Code § 1738A and/or 42 U.S. Code § 666(f) and/or 28 U.S. Code § 1738B by failing to obtain subject matter jurisdiction and entering Court Orders contrary to N. Jovee's Oklahoma Custody Determination and/or entering Orders in Direct violation of the Bryan County District Court of Oklahoma's Custody Determination; on the dates identified above.

3.64    Defendants have failed to acknowledge their improper, unlawful and unconstitutional actions, conduct and policies at the time of the incidents at issue in the present action, and N. Jovee is informed that presently, Defendants have not changed or modified such actions, conduct and policies to conform to law under 28 U.S. Code § 1738A and/or 42 U.S. Code § 666(f) and/or 28 U.S. Code § 1738B.

3.65    Defendants' wrongful and unlawful conduct, actions and policies, unless and until forced to promulgate policies, by order of the Court, will cause, and continue to cause, great and irreputable injury to N. Jovee, and other individuals and citizens, in that Defendants will continue to act in accordance with said unlawful policies, and with deliberate indifference to their duties, and obligations under State and Federal law; 28 U.S. Code § 1738A and/or 42 U.S. Code § 666(f) and/or 28 U.S. Code § 1738B, including those under the Fourth and Fourteenth Amendments as alleged hereinabove.

3.66    Based on information, N. Jovee asserts, as presently applied by the Defendants, those portions of policy and procedure authorizing this misconduct set forth above is Un-Constitutional in the way they are applied pursuant to the regularly established customs, policies, and practices under 28 U.S. Code § 1738A and/or 42 U.S. Code § 666(f) and/or 28 U.S. Code § 1738B.

3.67    N. Jovee has no adequate remedy at law to prevent or prohibit Defendants from continuing, and/or repeating, their unlawful and unconstitutional conduct and policies other than through injunctive relief, and therefore seek an order directing the Defendants to promulgate policies and implement training to prohibit its employees, from, but not limited to, the following:

   a.      Using trickery, duress, fabrications and/or false testimony or evidence, and in failing to disclose exculpatory evidence, in preparing and presenting reports and Court documents to the Court; and

   b.      Acting with deliberate indifference to the Constitutional protections guaranteed to individuals, including those under the Fourth and Fourteenth Amendments, when performing actions related to dependency type proceedings.

c.     Aiding and abetting in the violation of Civil Rights guaranteed to individuals, including those under the Fourth and Fourteenth Amendments, by engaging in the aforementioned conduct;

d.     Conspiring to violate Civil Rights guaranteed to individuals, including those under the Fourth and Fourteenth Amendments, by engaging in the aforementioned conduct;

e.     Violating 28 U.S. Code § 1738A; the UCCJEA and/or 28 U.S. Code § 1738B; the UIFSA and/or 42 U.S. Code § 666(f); failing to obtain subject matter jurisdiction.

**Third Cause of Action for Declaratory and Injunctive Relief**
**Snohomish County Superior Court Cause No. 19-3-02130-31**
Defendants Waggoner, Moriarty, Harness, Nelson, Micheli, Gibbs,
County Superior Court, Langbehn, Shin, WSAG, County, DSHS,
Somers, County of King, Norris, Liebsack, Meeker,
and Does 1 through 50, Inclusive

3.68   N. Jovee realleges, and incorporates herein as if set forth in full, paragraph 1.1 through 3.67 above.

3.69   As stated herein, N. Jovee, as a citizen and individual, is protected by the laws of the State of Washington, as well as those of the United States Constitution, including the Fourth and Fourteenth Amendments thereto.

3.70   As stated herein, Defendants, and each of them, have wrongfully, unlawfully, and with deliberate indifference to the rights of N. Jovee, and with utter disregard of Defendants' duties and obligations to N. Jovee, acted, practiced and adopted policies, practices, procedures, and customs

which are in violation of the rights of N. Jovee, including those to be free from governmental interference as to his privacy and familial associations, and from unreasonable searches or seizures, including those relating to child abuse allegations and related actions and proceedings due to no fault of N. Jovee. N. Jovee alleges Defendants have violated 28 U.S. Code § 1738A by failing to obtain subject matter jurisdiction by entering Court Orders in contrary to N. Jovee's Oklahoma Custody Determination and/or entering Orders in Direct violation of the Bryan County District Court of Oklahoma's Custody Determination; on the dates identified above.

3.71     Defendants have failed to acknowledge their improper, unlawful and unconstitutional actions, conduct and policies at the time of the incidents at issue in the present action, and N. Jovee is informed that presently, Defendants have not changed or modified such actions, conduct and policies to conform to law under 28 U.S. Code § 1738A.

3.72     Defendants' wrongful and unlawful conduct, actions and policies, unless and until forced to promulgate policies, by order of the Court, will cause, and continue to cause, great and irreputable injury to N. Jovee, and other individuals and citizens, in that Defendants will continue to act in accordance with said unlawful policies, and with deliberate indifference to their duties, and obligations under State and Federal law; 28 U.S. Code § 1738A, including those under the Fourth and Fourteenth Amendments as alleged hereinabove.

3.73     Based on information, N. Jovee asserts, as presently applied by the Defendants, those portions of policy and procedure authorizing this misconduct set forth above is Un-Constitutional in the way they are applied pursuant to the regularly established customs, policies, and practices under 28 U.S. Code § 1738A.

3.74   N. Jovee has no adequate remedy at law to prevent or prohibit Defendants from continuing, and/or repeating, their unlawful and unconstitutional conduct and policies other than through injunctive relief, and therefore seek an order directing the Defendants to promulgate policies and implement training to prohibit Defendants employees, from, but not limited to, the following:

a.   Using trickery, duress, fabrications and/or false testimony or evidence, and in failing to disclose exculpatory evidence, in preparing and presenting reports and Court documents to the Court; and

b.   Acting with deliberate indifference to the Constitutional protections guaranteed to individuals, including those under the Fourth and Fourteenth Amendments, when performing actions related to child abuse and dependency type proceedings.

c.   Aiding and abetting in the violation of Civil Rights guaranteed to individuals, including those under the Fourth (protecting against unreasonable search and seizure) and Fourteenth (protecting against invasion of autonomy privacy) Amendments, by engaging in the aforementioned conduct;

d.   Conspiring to violate Civil Rights guaranteed to individuals, including those under the Fourth (protecting against unreasonable search and seizure) and Fourteenth (protecting against invasion of autonomy privacy) Amendments, by engaging in the aforementioned conduct;

e.   Violating 28 U.S. Code § 1738A; the UCCJEA; failing to obtain subject matter jurisdiction.

3.75   ALL Defendant's; personally and/or in the official capacity of their duties, the above identified individuals, and any unknown persons and entities, did conspire and aid and abed each

other in the effectuation of their common scheme and plan which resulted in the recommendation of denial of N. Jovee's Rights and privileges under both State and Federal law; 28 U.S. Code § 1738A and/or 28 U.S. Code § 1738B and/or 42 U.S. Code § 666(f). This deprivation was accomplished by lying under oath on official Court Documents in an attempt to deny Constitutionally protected Parental Rights. In addition, without lawful exigency, Defendants and each of them is continually attempting to cause N. Jovee to be physically examined, and treated without cause, or consent; and knowingly and intentionally continues to attempt to deprive the N. Jovee of his Parental Rights for the care, custody, and control of his three (3) minor boys, without just cause, by concealing evidence, misleading the Superior Court, falsifying evidence, giving false testimony, failing to divulge exculpatory evidence, committing perjury, and exercising undue influence over N. Jovee's three (3) minor boys in order to obtain evidence.

3.76    N. Jovee is informed that each of the above-named parties was and is the agent, employee, principal, or employer of each of the remaining defendants and/or vice versa and that all relevant times, Defendants and each of them were acting under color of the law in doing said acts. In addition, N. Jovee is informed the Defendants named hereinabove, and each of them, are responsible in some manner for the occurrences, damages, and injuries herein stated, and that each of the above-named defendants in committing said acts; and violations under 28 U.S. Code § 1738A and/or 28 U.S. Code § 1738B and/or 42 U.S. Code § 666(f).

3.77    N. Jovee is informed that each of the above-named Defendants was acting under color of law in committing said acts, and that in doing these things, Defendants and each of them, were not acting within the course and scope of their duties as employees and/or agents of the COUNTY SUPERIOR COURT, DHSH, WSAG, OAH, COUNTY DISTRICT COURT, COUNTY, and/or

CITY when allegedly violating 28 U.S. Code § 1738A and/or 28 U.S. Code § 1738B and/or 42 U.S. Code § 666(f).

3.78   N. Jovee is informed, that at all relevant times Defendants, and each of them, were the knowing agents and/or alter egos of one another, and that Defendants directed, ratified, and/or approved the conduct of each of the other Defendants, and each of their agents or employees. Moreover, all of the Defendants agreed upon, approved, ratified, and/or conspired to commit all of the acts and/or omissions alleged in this Complaint; under 28 U.S. Code § 1738A and/or 28 U.S. Code § 1738B and/or 42 U.S. Code § 666(f).

3.79   N. Jovee has no adequate remedy from the Defendants; therefore, N. Jovee requests an order Changing Venue from COUNTY SUPERIOR COURT Cause No. 19-3-02130-31 and 19-2-01820-31 to Skagit County Superior Court where a fair and equal trial may be had. Cause No. 19-3-02130-31 is a Foreign Judgment case and Cause No. 19-2-01820-31 is an Anti-Harassment Protection Order case; both involving the minor children and a/the parent/s.

## IV.   IRREPARABLE INJURY

4.1   N. Jovee claims no amount of monetary relief at another time will make up for emotional and physical abuse allowed by the Defendants, lost time between his minor children and their father, as the Defendants continue to violate establish Federal Law as claimed above. Furthermore, Defendants WIITA, CITY, COUNTY, COUNTY DISTRICT COURT, APPEL, WEISS, BUI, MILLER, Z&T and LEE continue to violate Federal Law in an attempt to harm N. Jovee's family by improperly forcing them to go through criminal proceedings not authorized under N. Jovee's established Oklahoma Custody Determination. No amount of monetary relief will make up for

the mental and physical abuse my minor children and myself, N. Jovee, are enduring, and will continue to suffer if no injunctive relief is granted.

## V.    RELIEF

5.1    N. Jovee prays for Injunctive relief against Defendants, as to all causes of action, as follows:

5.1.1    Injunctive relief, both preliminary and permanent, as allowed by law, (including preliminary injunctive relief) or alternatively that the COUNTY SUPERIOR COURT is to transfer this case to the Skagit County Superior Court as per Local Court Venue guidelines.  County of Skagit Superior Court shall abide by the UCCJEA and/or UISFA.

5.1.2    ALL Defendants and ALL contractors of Defendants are to cease and desist from all involvement with N. Jovee and ALL three (3) of his said minor children.

5.1.3    Any Costs associated with bringing forth this suite, incurred so far and hereafter; and

5.1.4    Such further relief as the Court deems just and proper.

5.2    Plaintiff Reserves the Right to Amend this Complaint further, in conformity with the Federal Court Rules.

5.3    Plaintiff Requests a Jury Trial, if one is afforded to him under the Law.

## VI.    CERTIFICATE AND CLOSING

6.1     Under FRCP 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

6.2     I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

DATED this 11th day of November 2021 at Everett, Washington.

Nathan Jovee, Pro Se litigant
Honorably Discharged Disabled
Iraqi War Veteran

37