|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| NATHAN JOVEE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SNOHOMISH COUNTY, *et al.*,<br><br>　　　　　　Defendants. | CASE NO. 2:21-cv-01590-RSM-JRC<br><br>ORDER DECLINING TO RECUSE |

This matter is before the Court on plaintiff's motion for the undersigned to recuse himself from this case. Dkt. 51. For the reasons set forth below, the undersigned declines to recuse himself voluntarily and refers the matter to the Chief Judge for consideration.

**DISCUSSION**

The basis for the motion to recuse is the undersigned's previous affiliation with the law firm formerly known as Gordon Thomas Honeywell Malanca Peterson & Daheim LLP. *See* Dkt. 51, at 4. This affiliation ended more than 12 years ago.

1    Plaintiff provides information that he has located indicating that the undersigned's former
2    law firm is "strategically affiliated with" "Gordon Thomas Honeywell – Governmental Affairs
3    LLC," which itself has as clients defendants City of Sultan and County of Snohomish.  Dkt. 51,
4    at 4–5.  Plaintiff also appears to claim that the State attorney general, another party to this case,
5    is a client of "Gordon Thomas Honeywell – Governmental Affairs LLC," although plaintiff does
6    not substantiate this claim.  *See* Dkt. 51, at 4.  For purposes of this motion, the Court will
7    consider this matter as if plaintiff has provided evidence that these three defendants are clients of
8    the undersigned's former law firm in matters not related to this litigation.  The undersigned's
9    former law firm does not represent any party in these proceedings.

10    "Any justice, judge, or magistrate judge of the United States shall disqualify himself in
11   any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).
12   A judge also shall disqualify himself where the judge meets one of five grounds specified in §
13   455(b).

14    Further, "[w]henever a party to any proceeding in a district court makes and files a timely
15   and sufficient affidavit that the judge before whom the matter is pending has a personal bias or
16   prejudice either against him or in favor of any adverse party, such judge shall proceed no further
17   therein, but another judge shall be assigned to hear such proceeding."  28 U.S.C. § 144.

18    Local Civil Rule 3(f) additionally provides that—

19   Whenever a motion to recuse directed at a judge of this court is filed pursuant
     to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the
20   motion papers and decide whether to recuse voluntarily. If the challenged judge
     decides not to voluntarily recuse, he or she will direct the clerk to refer the
21   motion to the chief judge, or the chief judge's designee. If the motion is directed
     at the chief judge, or if the chief judge or the chief judge's designee is
22   unavailable, the clerk shall refer it to the active judge with the highest seniority.

23

24

1   Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate

2   if "a reasonable person with knowledge of all the facts would conclude that the judge's

3   impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626

4   (9th Cir. 1993).  This is an objective inquiry concerned with whether there is the appearance of

5   bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.

6   1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).

7   Here, the Court finds that the bases for recusal that plaintiff cites are attenuated and

8   would not lead a reasonable observer to question the Court's impartiality.  As to the relevant

9   grounds in § 455(b), the Court does not have a personal bias or prejudice concerning any of the

10  parties that plaintiff lists. *See* 28 U.S.C. § 455(b)(1).  The undersigned did not serve as a lawyer

11  in the matter in controversy, nor did any other lawyer with whom the undersigned practiced

12  represent someone in the matter in controversy during the undersigned's previous employment.

13  *See* 28 U.S.C. § 455(b)(2).  The undersigned does not have a financial interest in any party to the

14  proceeding or the subject matter of the proceeding or any other interest that could be

15  substantially affected by the outcome thereof.  28 U.S.C. § 455(b)(4).

16  The Court has considered guidance from the Judicial Conference, which interprets the

17  Canons that make up the Code of Conduct for United States Judges.  This guidance is helpful

18  here, because Canon 3C of the Code of Conduct has similar language to § 455.  The Judicial

19  Conference's Compendium of Selected Opinions regarding Canon 3, Section 3.3-1,

20  Compendium § 2.7(c), advises that "[t]he fact that a party to litigation is, in other matters, a

21  client of the judge's former law firm does not necessitate recusal."  Even if the former firm

22  represented these clients while the undersigned was affiliated with the firm—a matter that

23  plaintiff has not addressed or supported—the undersigned does not need to recuse because there

24

is no showing that the representation was in this same matter.  *See* § 3.6-5, Compendium of Selected Opinions.

In short, the Court finds that the evidence provided by plaintiff that an affiliate of the undersigned's former law firm now represents the City of Sultan, Snohomish County, or the State Attorney General in other matters unrelated to this litigation does not merit voluntary recusal.  A reasonable observer would not question the Court's impartiality.  Nor has plaintiff shown that the bases for recusal in § 455(b) are present here.  Plaintiff's remaining arguments are either directed toward the recusal of the assigned District Judge, the Honorable Ricardo S. Martinez, or are too conclusory to merit further discussion.

Because plaintiff also seeks recusal of Judge Martinez, the Court refers this matter to Judge Martinez for a decision on whether to voluntarily recuse himself.  Judge Martinez may then refer the matter to Judge Richard A. Jones for review, pursuant to LCR 3(f).

## CONCLUSION

The undersigned declines to recuse himself from the matter.  The motion (Dkt. 51) is neither denied nor granted and is referred to Judge Martinez for a decision on the request for Judge Martinez to recuse himself.  The Clerk of the Court is directed to place the motion on Judge Martinez's motion calendar.  A copy of this order shall be sent to plaintiff.

Dated this 21st day of December, 2021.

J. Richard Creatura
Chief United States Magistrate Judge