UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATHAN JOVEE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SNOHOMISH COUNTY, *et al.*,<br><br>　　　　　Defendants. | CASE NO. 21-1590-RSM-JRC<br><br>ORDER ON PLAINTIFF'S MOTIONS TO RECUSE |

## I.　INTRODUCTION

On December 13, 2021, Plaintiff Nathan Jovee moved to recuse the Honorable J. Richard Creatura and the Honorable Ricardo S. Martinez from this action. Dkt. #51. On December 21, 2021, Judge Creatura issued an Order declining to recuse himself and, in accordance with this Court's Local Rules, referring that decision to the Chief Judge for review. Dkt. #60; LCR 3(f). Furthermore, Judge Creatura referred Plaintiff's motion to the undersigned for a decision on whether to voluntarily recuse himself. *Id.* The Court will address both motions herein. For the reasons set forth below, the undersigned affirms Judge Creatura's decision, declines to recuse himself, and directs that this motion be set on the Honorable Richard A. Jones' calendar for consideration.

//

## II. BACKGROUND

Plaintiff, proceeding pro se, initiated this civil rights action on November 5, 2021 in Skagit County Superior Court. Dkt. #1. Defendants removed the action to this Court on November 24, 2021. *Id.* On December 13, 2021, Plaintiff moved to recuse Judge Creatura for an alleged personal and financial interest in this case based on his affiliation with the law firm formerly known as Gordon Thomas Honeywell Malanca Peterson & Daheim LLP. Dkt. #51 at 4. Furthermore, Plaintiff moves to recuse both Judge Creatura and the undersigned on the basis that this case involves defendants that include agencies of the state of Washington, various counties and cities, members of the Washington state superior court judges association, and those with a financial interest in the Washington State Public Employees Retirement System. *Id.* at 5-6. Consequently, Plaintiff alleges that the impact of this case on Washington insurance would "substantially affect the personal 'financial interest'" of both Judge Creatura and the undersigned. For these reasons, he requests that both judges recuse themselves from this matter.

## III. DISCUSSION

**A. Legal Standard**

A judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144, "whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

"[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source.").

### B. Motion to Recuse Judge Creatura

Nothing presented in Plaintiff's Motion convinces the Court that the standards for recusal have been met for Judge Creatura. Plaintiff's allegations are factually and/or legally unsupported. To the extent Plaintiff claims that Judge Creatura's past affiliation with a law firm raises the concern of personal bias or prejudice, Canon 3C of the Code of Conduct for United States Judges clarifies that "[t]he fact that a party to litigation is, in other matters, a client of the judge's former law firm does not necessitate recusal." Judicial Conference's Compendium of Selected Opinions, Canon 3, Section 3.3-1, Compendium § 2.7(c). Furthermore, Section 455(b)(2), which prescribes the standard for recusal based on a judge's former affiliations in private practice, requires that the judge "served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it . . . ." 28 U.S.C. § 455(b)(2). Plaintiff has not plausibly alleged that any of these conditions were satisfied herein. Finally, to the extent Plaintiff moved for recusal of Judge Creatura under Section 455(b)(4) based on a financial interest that could be substantially affected by the outcome of this case, such claims are conclusory and unsupported. These allegations are insufficient to demonstrate the appearance of bias or prejudice, and the Court thus finds no evidence upon which to reasonably question Judge Creatura's impartiality. Accordingly, the Court hereby ORDERS that Judge Creatura's refusal to recuse himself from this matter is AFFIRMED.

//

### C. Motion to Recuse Judge Martinez

Regarding Plaintiff's motion to recuse the undersigned, nothing presented in Plaintiff's Motion convinces the Court that the standards for recusal have been met. Plaintiff alleges, without support, that the undersigned has a financial interest based on the possibility that this case may bankrupt the state of Washington or cause insurance to rise to such a level that it would impact anyone who receives a Washington state retirement check. Such allegations of impartiality and prejudice are conclusory and unsupported. They are thus insufficient to meet the standard for recusal under 28 U.S.C. § 455(b)(4) based on an alleged financial interest that could be substantially affected by the outcome of the proceeding. For these reasons, the undersigned declines to voluntarily recuse himself from this matter.

### IV.  CONCLUSION

Accordingly, the Court hereby ORDERS that:

(1) Judge Creatura's refusal to recuse himself from this matter, Dkt. #60, is AFFIRMED;

(2) The undersigned will not voluntarily recuse himself from this matter.

(3) Plaintiff's motion to recuse the undersigned, Dkt. #51, shall be REFERRED to the active judge with the highest seniority, the Honorable Richard A. Jones, in accordance with LCR 3(f) for a determination as to its merits.

(3) This action is STAYED pending resolution of the recusal issue, and no further motions shall be filed in this matter until the stay is lifted.

(4) The Clerk is directed to provide copies of this order to Plaintiff.

//

//

//

DATED this 7th day of January, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE