HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATHAN JOVEE,

      Plaintiff,

  v.

SNOHOMISH COUNTY, *et al.,*

      Defendants.

CASE NO. 2:21-cv-1590-RSM-JRC

ORDER

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff Nathan Jovee's ("Plaintiff") motion to recuse the Honorable Ricardo S. Martinez and the Honorable J. Richard Creatura from this action. Dkt. 51. Judge Creatura issued an order declining to recuse himself voluntarily and referred the matter to Chief Judge Martinez for consideration. Dkt. 60. Chief Judge Martinez then affirmed Judge Creatura's decision, declined to recuse himself, and referred the matter to the undersigned for consideration pursuant to Local Rule 3(f). Dkt. 73. For the reasons below, the motion is **DENIED**.

## II.    DISCUSSION

Under 28 U.S.C. § 455, the applicable recusal statute, any federal judge or magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). He must also disqualify himself in

ORDER – 1

the following circumstances:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>> (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>> (ii) Is acting as a lawyer in the proceeding;
>> (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>> (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(b).

Pursuant to 28 U.S.C. § 144, when "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party," a party may file an affidavit stating "the facts and reasons for the belief that bias or prejudice exists" and the case will be assigned to another judge. "Under both statutes, recusal is appropriate where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (internal quotations and citations omitted).

Plaintiff alleges that both Judges have conflicts-of-interest. Dkt. 51 at 3. Specifically, Plaintiff alleges that Judge Creatura has a "personal and financial interest with his previous employer 'Gordon Thomas Honeywell Malanca Peterson & Daheim

ORDER – 2

1  LLP.'" *Id.* at 3-4. Plaintiff asserts that this law firm is "strategically affiliated" with
2  "Gordon Thomas Honeywell – Government Affairs LLC," which has contracts with and
3  represents the County of Snohomish, the City of Sultan, and various Washington state
4  agencies. *Id.* at 4.

5  Next, Plaintiff argues that both Judges have a conflict-of-interest because the
6  defendants here include Washington state agencies, King and Snohomish Counties, the
7  City of Sultan, Washington State Attorney General Bog Ferguson, Snohomish County
8  Superior Court, members of the Washington State Superior Court Judges Association,
9  and individuals "who have a financial interest in the Washington State Public Employees
10 Retirement Systems (PERS)." *Id.* at 5. Plaintiff asserts that "[t]his case could, quite
11 possibly 'bankrupt' and/or cause the insurance of the State of Washington to raise [sic] to
12 such a level it would substantially affect the personal 'financial interest' of anyone who
13 receives a Washington State PERS retirement check and/or has a PERS account." *Id.* at
14 6.

15 Finally, Plaintiff contends that "the King County Prosecutors Office, Snohomish
16 County Prosecutors Office, Kenyon Dyson PLLC, Christie Law Group PLLC, Lee Smart
17 PS Inc., Gordon Thomas Honeywell LLP and Brisbois Bisgaard & Smith LLP **ALL**
18 currently and/or in the recent past have received monetary compensation from entities of
19 the State of Washington run and/or defended by the Washington State Attorney General;
20 creating and showing the States [sic] 'bully' and 'gang-up' mentality." *Id.* (emphasis
21 original).

22 The undersigned finds that Plaintiff has failed to show that recusal is necessary or
23 appropriate here for either Chief Judge Martinez or Judge Creatura. A judge must
24 disqualify himself "'[w]here in private practice he served as a lawyer in the matter in
25 controversy, or a lawyer with whom he previously practiced law served during such
26 association as a lawyer concerning the matter, or the judge or such lawyer has been a
27 material witness concerning it." 28 U.S.C. § 455(b)(2). As Judge Creatura confirmed, he

28 ORDER – 3

did not serve as an attorney in the matter in controversy, nor did any other attorney with whom he practiced represent any party in the matter in controversy during Judge Creatura's employment with the law firm. *See* Dkt. 60 at 3. Judge Creatura further confirmed that he has no financial interest in any party to the proceeding, subject matter to the proceeding, or any other interest that may be impacted by the outcome of the proceeding. *Id.* Plaintiff has provided no facts or evidence indicating otherwise. The undersigned thus finds no basis for "a reasonable person with knowledge of all the facts [to] conclude that the judge's impartiality might reasonably be questioned." 987 F.2d at 626. Therefore, Plaintiff's request to recuse Judge Creatura is DENIED.

The undersigned similarly finds Plaintiff has provided no basis for recusal of Chief Judge Martinez. Plaintiff's allegations that Judge Martinez could be financially impacted by the outcome of this case because it could bankrupt the state of Washington or cause the insurance of the State of Washington to rise "to such a level it would substantially affect the personal 'financial interest' of anyone who receives" a Washington state retirement check are conclusory and unsupported. Dkt. 51 at 6. Plaintiff's allegations are insufficient to require recusal under 28 U.S.C. § 455(b)(4) based on a financial interest in the outcome of the proceeding. Plaintiff's request to recuse Chief Judge Martinez is, therefore, DENIED.

### III.   CONCLUSION

For the reasons stated above, the undersigned **DENIES** Plaintiff's motion for recusal. Dkt. 51.

DATED this 20th day of January, 2022.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 4