UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATHAN JOVEE,

    Plaintiff,

v.

SNOHOMISH COUNTY, *et al.*,

    Defendants.

CASE NO. 2:21-cv-01590-RSM-JRC

REPORT AND RECOMMENDATION

NOTED FOR: May 6, 2022

The District Court has referred this matter to the undersigned.

This case was removed from Skagit County Superior Court in Washington State. Plaintiff, who proceeds *pro se*, brings a variety of allegations related to his family law matters in state court. Although he initially named 35 defendants, the Court should allow plaintiff to voluntarily dismiss without prejudice all but one defendant—defendant Washington State Attorney General Robert Ferguson. Plaintiff's claims against that defendant amount to a *de facto* appeal of his state court child support-related orders or are inextricably intertwined with such

claims, so that the remaining claims in this matter after dismissing defendants other than defendant Ferguson should be remanded to state court.

Accordingly, the District Court should deny as moot the following four motions: a motion to seal (Dkt. 29); a motion to dismiss filed by the "Snohomish County defendants" (defendants Snohomish County, Snohomish County Superior Court, Everett District Court, Patricia Nelson, Tracy Waggoner, Patrick Moriarty, Susan Harness, Geoffrey Gibbs, William Sullivan, Lisa Micheli, Tam Bui, George Appel, Bruce Weiss, Anita Farris, Ruth Langbehn, Sanda Meeker, Nancy Norris, Christine Liebsack, and Andrew Somers) (Dkt. 61); a motion to dismiss filed by defendant Meera Shin (Dkt. 88); and a motion to dismiss filed by the "State defendants" (defendants Heather DeBlieck, Office of Administrative Hearings, Department of Social and Health Services, Christopher Shaha, and Michael Majors). Dkt. 96. The State and Snohomish County defendants and defendant Shin should be terminated from this matter, leaving only defendant Ferguson. The Court should also grant the notice of voluntary dismissal, which has been construed as a motion (Dkt. 85) and should grant the motion to correct clerical error (Dkt. 106).

In addition, the Court should deny defendant Ferguson's motion to dismiss and should remand the remaining claims—which are solely against defendant Ferguson—to state court. Dkt. 87. The case should be closed.

## BACKGROUND

This case has a tangled procedural history, which is summarized below only as relevant herein. Because these matters are before the Court on motions to dismiss, the Court relies upon the allegations of the complaint and, where appropriate, matters that are subject to judicial notice.

1    Washington law empowers defendant DSHS to establish and enforce child support

2    obligations, including seeking child support from a noncustodial parent when there is no court

3    order setting child support. *See, e.g.*, RCW 74.20.010; RCW 74.20A.055; *Tyson v. Abila*, 18

4    Wn. App. 2d 1051, 2021 WL 3361782, at *1 (2021). If a parent objects to the child support as

5    set by the Department, that parent may request a hearing from the Office of Administrative

6    Hearings ("OAH") before an Administrative Law Judge ("ALJ"). *Tyson*, 2021 WL 3361782, at

7    *1. The ALJ's order is the Department's final order. *Id.* A parent may seek judicial review

8    under the Washington Administrative Procedure Act, ch. 34.05 RCW. *E.g.*, *Fleck v. Fleck*, 15

9    Wn. App. 2d 1063, 2020 WL 7861220, at *4 (2020). If a petition for review is filed, the Office

10   of the Attorney General represents the State's interest. *See* RCW 74.20.220(4).

11   Plaintiff and Jolene Jovee were married in Washington in 2006 and had children during

12   the marriage. Dkt. 1-2, at 13. Ms. Jovee filed a dissolution action in Oklahoma in 2016 and was

13   awarded primary custody of the children. *See* Dkt. 1-2, at 13. Shortly after filing the dissolution

14   action, Ms. Jovee moved to Washington. *See* Dkt. 1-2, at 13. In 2016, the Oklahoma court

15   temporarily set plaintiff's child support obligation. *See* Dkt. 72-3, at 2 (supplemental order to

16   temporary order); *see also Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012)

17   (holding that a court may take judicial notice of documents on file in federal and state courts);

18   *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (a court may take

19   judicial notice of public records but cannot take judicial notice of disputed facts in those

20   records).

21   In 2018, the Oklahoma court finalized plaintiff's dissolution action. Dkt. 72-1, at 2; *see*

22   *also Harris*, 682 F.3d at 1132; *Khoja*, 899 F.3d at 999. Related to calculation of child support,

23   the court required "both parties to submit their proof of current income to the State of

24

Washington [DSHS] Division of Child Support Division for [plaintiff's] child support obligations to [Ms. Jovee]." Dkt. 72-1, at 5. The court also entered an order changing venue, finding that "the parties are no longer residents of the State of Oklahoma" and transferring further matters to Snohomish County, except for maintaining limited jurisdiction to execute and file a final decree of dissolution. Dkt. 72-2, at 2–3; *see also Harris*, 682 F.3d at 1132; *Khoja*, 899 F.3d at 999.

In June 2019, the OAH held an evidentiary hearing regarding the child support obligation, at which defendant DeBlieck was the ALJ and defendant Shaha represented DSHS. Dkt. 1-2, at 8, 17; Dkt. 72-4, at 2; *see also Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953) (allowing judicial notice of administrative records); *Khoja*, 899 F.3d at 999. ALJ DeBlieck concluded that Washington had authority to set plaintiff's support obligation beginning September 27, 2018. Dkt. 72-4, at 3. Plaintiff sought review in superior court, where defendant Judge Farris presided and defendant Majors represented DSHS. *See* Dkt. 1-2, at 24–25. In July 2021, Judge Farris affirmed the actions of DSHS and the OAH. *See* Dkt. 1-2, at 25; *see also* Dkt. 72-5. Defendants have provided docket information from the Washington State courts website that indicates that plaintiff is seeking an appeal of this ruling. *See* Dkt. 72-7, at 2; *see also Harris*, 682 F.3d at 1132; *Khoja*, 899 F.3d at 999.

Plaintiff brought suit in state court against thirty-five state, local, and private actors. *See* Dkt. 1-2. He brings three general causes of action, which he asserts arise out of federal question jurisdiction (Dkt. 1-2, at 12), claiming that from 2016 to 2021, these defendants entered or colluded with other defendants to enter various court orders in Washington State courts, even though the Washington State courts did not have jurisdiction. *See generally* Dkt. 1-2. He also

alleges various misdeeds including presentation of false evidence and failure to disclose exculpatory evidence.  *See* Dkt. 1-2, at 30–36.

His causes of action allege violations of the First, Fourth, and Fourteenth Amendments; the UCCJEA; the UIFSA; and 28 U.S.C. §§ 666(f), 1738A, and 1738B.  Dkt. 1-2, at 13, 26–36.  He seeks injunctive relief.  Dkt. 1-2, at 36.

In November 2021, certain defendants removed the matter to federal court.  Dkt. 1.  In January 2022, plaintiff filed a notice of voluntary dismissal in which he requested dismissal of claims against every defendant except defendant Shin and defendant Ferguson.  *See* Dkt. 85.  Defendants City of Sultan, Russel Wiita, Hana Lee, Carolyn Miller, Zachor and Thomas Inc. PS, Joel Nichols, Patrick Songy, Deno Millikan Law Firm PLLC, and King County were accordingly terminated from the docket because plaintiff's Federal Rule of Civil Procedure 41 motion to dismiss was self-executing as brought against these defendants.

However, plaintiff also sought dismissal of certain other defendants, for whom he needed the Court's permission to dismiss his claims.  *See* Dkt. 91.  Specifically, plaintiff sought dismissal of his claims against the Snohomish County defendants and the State defendants, but these defendants had already answered his complaint.  *See* Dkts. 5, 32.  The Snohomish County defendants also seek to have plaintiff's dismissal of his claims against them be with prejudice.  *See* Dkt. 86, at 2; Dkt. 89.  The State defendants, defendant Shin, and defendant Ferguson also have each moved for dismissal of the claims against them.  *See* Dkts. 87, 88, 96.  After the filing of the various motions to dismiss, plaintiff filed a motion to amend his complaint.  *See* Dkt. 102.  All these matters are now ripe for the Court's consideration, and in the interest of judicial efficiency, the Court issues a consolidated Report and Recommendation addressing all pending matters in this case except the motion to amend, which is addressed by separate order.

## DISCUSSION

### I. Notice of Voluntary Dismissal

Plaintiff has requested voluntary dismissal of all defendants except defendant Ferguson. *See* Dkts. 85, 106.

#### A. The State Defendants and Defendant Shin Should Be Dismissed Without Prejudice

Pursuant to Fed. R. Civ. P. 41(a)(2), a dismissal that is not stipulated to by the parties and that is filed after the opposing party serves either an answer or motion for summary judgment requires a Court order to be effective. In ruling on a motion for voluntary dismissal under Rule 41(a)(2), the district court must consider whether the dismissal will result in some plain legal prejudice to the defendant. *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982).

Here, only the Snohomish County defendants have objected to dismissal. *See* Dkt. 89. Although the State defendants and defendant Shin have separately filed motions to dismiss, they do not explain why the claims against them would be subject to dismissal with prejudice and they have not filed responses to the notice of voluntary dismissal. The Court finds that there is accordingly no legal prejudice apparent to these defendants. *See also* LCR 7(b)(2). Moreover, because defendant Shin has filed neither an answer nor a summary judgment motion, the Court's permission is not required to dismiss defendant Shin.

All defendants except for defendants Ferguson and the Snohomish County defendants should accordingly be dismissed from this matter without prejudice. Plaintiff's motion to correct clerical error (Dkt. 106) should be granted. The motion to dismiss filed by the State defendants and defendant Shin should be denied as moot, since those defendants should be dismissed by

plaintiff's request. *See* Dkt. 88, 96.

## B. The Snohomish County Defendants Should Also Be Dismissed Without Prejudice

The Court turns to whether the Snohomish County defendants have shown "plain legal prejudice" that would merit requiring plaintiff to dismiss his claims against them with prejudice. The Snohomish County defendants assert that they will suffer plain legal prejudice because plaintiff moved for dismissal after they filed a motion to dismiss, in order to avoid a "near-certain adverse ruling." Dkt. 89, at 5.

The Court does not agree that the Snohomish County defendants will suffer plain legal prejudice to such a degree that the Court should exercise its discretion to dismiss the claims against them with prejudice. Of note, plaintiff requested to dismiss almost all of his claims—including claims that were not then subject to adverse motions. *Accord Atigeo LLC v. Offshore Ltd. D*, No. C13-1694JLR, 2014 WL 3846087, at *3 (W.D. Wash. Aug. 5, 2014).

One of the grounds for the Snohomish County defendants' motion to dismiss was lack of subject matter jurisdiction. *See* Dkt. 61, at 15–16; *see also Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (the *Rooker-Feldman* doctrine is an issue of subject matter jurisdiction). Whether the court has subject matter jurisdiction is a threshold issue that the Court generally must examine first (*see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)); and, if the Court lacked subject matter jurisdiction, dismissal with prejudice is generally not appropriate. *Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 971 (9th Cir. 2019). Thus, assuming that the Court agreed with the Snohomish County defendants' arguments in their motion to dismiss, the Court would still be unlikely to dismiss the matter with prejudice, and therefore the Court declines to require plaintiff's voluntary dismissal of these defendants to be

with prejudice.

### C. Summary

All defendants other than defendant Ferguson should be dismissed from this matter without prejudice. The Snohomish County defendants' motion to seal (Dkt. 29) and motion to dismiss (Dkt. 61), defendant Shin's motion to dismiss (Dkt. 88), and the State defendants' motion to dismiss (Dkt. 96) should be denied as moot since these defendants should be terminated from this matter. The notice of voluntary dismissal (Dkt. 85) should be granted, to the extent that it has been construed as a motion. The motion to correct clerical error (Dkt. 106) should be granted, since plaintiff is seeking to have defendant Shin dismissed from this matter without prejudice.

The Court turns to defendant Ferguson's motion to dismiss.

## II. Defendant Ferguson's Motion to Dismiss Should Be Denied and the Remaining Claim Should Be Remanded to State Court

The remaining claims in the operative complaint pertain to defendant Ferguson—the only defendant for whom plaintiff does not request voluntary dismissal of his claims. Defendant Ferguson seeks dismissal, including arguing that under Fed. R. Civ. P. 12(b)(1), the Court lacks subject matter jurisdiction over the claims against him. Although the Court agrees that subject matter jurisdiction over these claims is lacking, remand—not dismissal—is appropriate.

The Court begins by briefly summarizing the allegations specific to defendant Ferguson.

### A. Allegations of the Operative Complaint

Plaintiff claims that defendant Ferguson (and the State defendants) unlawfully held an administrative child support hearing before an administrative law judge "without registering [an] Oklahoma Custody Determination in a Washington state Superior Court[.]" Dkt. 1-2, at 17.

Plaintiff alleges that he appealed these matters in County Superior Court in March 2021. Dkt. 1-2, at 23.

As noted, the complaint generally cites the "UCCJEA and/or UIFSA," 28 U.S.C. §§ 1738A, 1738B; 42 U.S.C. § 666(f); and the First, Fourth, and Fourteenth Amendments. Dkt. 1-2, at 12–13, 17. The second listed cause of action in plaintiff's complaint, brought against defendant Ferguson and others, specifically pertains to the child support proceedings and claims violation of §§ 1738A, 1738B, and 666(f) and the Fourth and Fourteenth Amendments for failing to obtain subject matter jurisdiction and entering Court Orders contrary to the Oklahoma Custody Determination. *See* Dkt. 1-2, at 29–30. The third listed cause of action also names defendant Ferguson, although it relates to proceedings in state superior court regarding plaintiff's separate family law matter under cause number 19-3-02130-31. *See* Dkt. 31. Plaintiff's operative complaint includes no allegations linking defendant Ferguson to the proceedings in cause number 19-3-02130-31 (*see* Dkt. 1-2, at 18–26), so that there is no plausible claim against defendant Ferguson related to this matter or brought under the third listed cause of action in the operative complaint.

Plaintiff also asserts that defendants have violated his rights to be free from governmental interference in his privacy and familial associations and from unreasonable searches or seizures. Dkt. 1-2, at 32. He alleges that all defendants conspired together, including lying under oath, to deprive plaintiff of his parental rights. *See* Dkt. 1-2, at 34.

**B. Discussion**

Lack of subject matter jurisdiction is a threshold issue that the Court must address first. Lack of subject matter jurisdiction may be asserted by either party or the court, *sua sponte,* at any time during the course of an action. Fed. R. Civ. P. 12(b)(1). Once challenged, the burden

of establishing a federal court's jurisdiction rests on the party asserting the jurisdiction. *See Thomson v. Gaskill*, 315 U.S. 442 (1942); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be made on the basis that the complaint fails to allege grounds for federal subject matter jurisdiction, *i.e.* a lack of federal jurisdiction appears from the "face of the complaint." *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). In such facial attacks, the allegations in the complaint are taken as true for the purposes of the motion. *Id.*

The Court begins by discussing whether the doctrine set forth in *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), (the "*Rooker-Feldman* doctrine") bars any of plaintiff's claims in this Court.

Federal district courts, as courts of original jurisdiction, do not have subject matter jurisdiction to review errors allegedly committed by state courts. *Rooker*, 263 U.S. at 416 ("The jurisdiction possessed by the District Courts is strictly original."); *Feldman*, 460 U.S. at 482 ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."). The *Rooker–Feldman* doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). This concept applies even when the state court judgment is not made by the highest state court. *Dubinka v. Judges of the Super. Ct.*, 23 F.3d 218, 221 (9th Cir. 1994); *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n. 3 (9th Cir. 1986). It also applies even when a plaintiff's challenge to the state court's actions involves federal constitutional issues. *Feldman*, 460 U.S. at 483–84.

"To determine whether the *Rooker–Feldman* bar is applicable, a district court first must determine whether the action contains a forbidden de facto appeal of a state court decision." *Bell*

1  *v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) (citation and footnote omitted). "It is a
2  forbidden de facto appeal under *Rooker–Feldman* when the plaintiff in federal district court
3  complains of a legal wrong allegedly committed by the state court, and seeks relief from the
4  judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003). The Court also does
5  not have jurisdiction over claims that are "inextricably intertwined" with such a de facto appeal.
6  *See Cooper v. Ramos*, 704 F.3d 772, 775 (9th Cir. 2012).

7        With these principles in mind, the Court turns to an evaluation of plaintiff's remaining
8  claims in this matter. The Court takes judicial notice of plaintiff's brief in state court, when he
9  sought review of the ALJ's child support order. *See* Dkt. 72-6, at 2; *Harris*, 682 F.3d at 1132;
10 *Khoja*, 899 F.3d at 999. Plaintiff argued in these proceedings that the ALJ's child support
11 decision violated 28 U.S.C. § 1738B and 42 U.S.C. § 666(f) and that the ALJ lacked jurisdiction
12 to enter a child support order—just as he argues here. *See* Dkt. 72-6, at 2; *see also* Dkt. 1-2, at
13 23. He also argued that Shaha and the Snohomish County Sheriff's office—defendants in this
14 matter—colluded with Ms. Jovee. *See* Dkt. 72-6, at 3. Plaintiff sought to have the OAH ALJ's
15 decision vacated and to have another child support hearing set. Dkt. 72-6, at 3.

16       In the pending matter in this Court, plaintiff cites his Snohomish County superior court
17 case in which he sought review of the ALJ's order regarding child custody and claims that
18 defendant Ferguson violated § 1738A, § 1738B, "and/or" § 666(f) related to the orders that were
19 entered, including having orders entered without jurisdiction. *See* Dkt. 1-2, at 29, 32. The
20 specific injunctive relief that he seeks is to have defendant Ferguson "direct[ed] . . . to
21 promulgate policies and implement training to prohibit its employees" from falsifying evidence,
22 acting with deliberate indifference to him, aiding and abetting (or conspiring in) civil rights
23 violations, and violating §§ 1738A, 1738B, 666(f), the UCCJEA, "and/or" UIFSA. *See* Dkt. 1-2,
24

1 | at 29–30, 33.  Separately, plaintiff states that he also seeks to have his state court cases
2 | transferred from Snohomish County Superior Court to Skagit County Superior Court.  Dkt. 1-2,
3 | at 35.  He asks to have defendant Ferguson ordered to "cease and desist" involvement with
4 | plaintiff and his children.  Dkt. 1-2, at 36.

5 |      The Court agrees with defendant Ferguson that an attempt to have this Court ordered to
6 | transfer a case to another county court in Washington State is clearly barred by the *Rooker-*
7 | *Feldman* doctrine.  Plaintiff is bringing a de facto appeal because he is complaining of a legal
8 | wrong in the state court (the denial of relief related to his child support order) and as a practical
9 | matter, seeks relief from that judgment (being allowed to relitigate the matter in another superior
10 | court in Washington State).  *See Cooper*, 704 F.3d at 777–78 (explaining that in "determin[ing]
11 | whether an action functions as a de facto appeal," this court "pay[s] close attention to the relief
12 | sought by the federal-court plaintiff" (citation and internal quotation marks omitted)).  Even if
13 | this Court had the authority to order such relief, *Rooker-Feldman* prohibits the Court from
14 | effectively becoming a forum for appeal of a state court decision with which plaintiff disagrees.

15 |      Plaintiff also seeks to have defendant Ferguson barred from being "involved" with
16 | plaintiff and his children and seeks to have defendant Ferguson forced to promulgate policies
17 | preventing those under his control from committing fraud, violating civil rights, and engaging in
18 | other wrong acts.  As summarized above, the crux of plaintiff's allegations specific to defendant
19 | Ferguson is that defendant Ferguson acted unlawfully by playing a role in the litigation for which
20 | plaintiff asserts that the state court lacked subject matter jurisdiction.  These claims are
21 | "inextricably intertwined" with the state court decisions regarding which plaintiff brings a de
22 | facto appeal, so that the Court also does not have subject matter jurisdiction over such claims.
23 | *See Cooper*, 704 F.3d at 782 (explaining that claims, as well as requests for damages, are
24 |

"inextricably intertwined" with the state court decisions where federal adjudication "would impermissibly undercut the state ruling on the same issues" (citation and internal quotation marks omitted)).

The Court has considered whether plaintiff brings claims against defendant Ferguson that fall outside *Rooker-Feldman*'s prohibitions. But plaintiff has not plausibly alleged any actions by defendant Ferguson beyond defendant Ferguson's alleged responsibility for the child support proceedings as the attorney general of Washington State. To the extent that plaintiff claims defendant Ferguson colluded with or conspired with other defendants in this matter, plaintiff simply has not provided allegations that are plausible enough to state a claim.

Plaintiff argues that the *Rooker-Feldman* doctrine does not apply based on *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). This case does not control because unlike in *Exxon Mobil*, where a federal court plaintiff began parallel litigation within weeks of the filing of a state court action, plaintiff began this litigation in Skagit County Superior Court in November 2021, well after plaintiff had lost in Snohomish County Superior Court related to his child support proceedings. *See* Dkt. 1, at 1; Dkt. 1-2, at 25. Moreover, unlike the litigation in *Exxon Mobil*, allowing the claims against Ferguson to proceed in this Court would require this Court to engage in the type of federal appellate review that *Rooker-Feldman* is intended to avoid. The Court has also reviewed plaintiff's cited cases *Skinner v. Switzer*, 562 U.S. 521 (2011), and *Mothershed v. Justices of Supreme Court*, 410 F.3d 602 (9th Cir. 2005), and does not agree that they require the Court to maintain jurisdiction over the claims against defendant Ferguson here. Unlike in *Skinner*, and similar to *Mothershed*, plaintiff is not making a generalized challenge to a legislative enactment but seeks to have an adverse state court order effectively overturned, so that the *Rooker-Feldman* doctrine applies. *Cf. Skinner*, 562 U.S. at

REPORT AND RECOMMENDATION - 13

532; *Mothershed*, 410 F.3d at 607.

When a District Court concludes that *Rooker-Feldman* applies to claims that were removed from state court, the District Court cannot dismiss the claims on alternative grounds but "shall" remand them to state court. *Grant v. Unifund CCR, LLC*, 577 F. App'x 693, 696 (9th Cir. 2014) (applying 28 U.S.C. § 1447(c)). The District Court should remand the claims against defendant Ferguson to state court.

## CONCLUSION

For the reasons set forth above, the Court recommends as follows:

(1) The following four motions should be denied as moot: a motion to seal (Dkt. 29); a motion to dismiss filed by the Snohomish County defendants (Dkt. 61); a motion to dismiss filed by defendant Meera Shin (Dkt. 88); and a motion to dismiss filed by the State defendants (Dkt. 96);

(2) The State and Snohomish County defendants and defendant Shin should be terminated from this matter, leaving only defendant Ferguson;

(3) The notice of voluntary dismissal, which has been construed as a motion (Dkt. 85), should be granted, as should the motion to correct clerical error (Dkt. 106);

(4) Defendant Ferguson's motion to dismiss should be denied (Dkt. 87);

(5) The Court should remand the remaining claims—which are solely against defendant Ferguson—to state court. The case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

1  objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 6, 2022,** as noted in the caption.

Dated this 18th day of April, 2022.

J. Richard Creatura
Chief United States Magistrate Judge